UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIA A. SANCHEZ,
and other similarly-situated individuals,

       Plaintiff (s),

v.

MOSHI MOSHI PALM GROVE LLC,
d/b/a MOSHI MOSHI PALM GROVE LLC,
and TOSHIO FURIHATA, individually

       Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff MARIA A. SANCHEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants MOSHI MOSHI PALM GROVE LLC, d/b/a MOSHI MOSHI PALM GROVE LLC and TOSHIO FURIHATA individually, and alleges:

1.   This is an action to recover money damages for unpaid regular overtime wages, and retaliation, under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.   Plaintiff MARIA A. SANCHEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant MOSHI MOSHI PALM GROVE LLC, d/b/a MOSHI MOSHI PALM GROVE LLC, (hereinafter MOSHI MOSHI, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant TOSHIO FURIHATA was and is now, the owner/partner/president/manager, and he directed operations of MOSHI MOSHI. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2016, (the "material time") without being properly compensated.

7. Corporate Defendant MOSHI MOSHI is retail business operating as late-night Japanese restaurant. Defendant have more than on location in Dade County. Plaintiff worked at the restaurant located at 7232 Biscayne Blvd, Miami FL 33138.

8. Defendants MOSHI MOSHI, and TOSHIO FURIHATA employed Plaintiff MARIA A. SANCHEZ as a full-time non-exempt employee from approximately March 01, 2016, through March 17, 2019, or 159 weeks.  However, for FLSA's purposes, Plaintiff relevant time of employment is 150 weeks.

9. Plaintiff was hired as a server and during her employment with Defendants she had different payment plans, but she always worked the same schedule. As a tipped employee, Plaintiff was supposed to receive the minimum wages established for tipped employees plus tips received from customers.

10. While employed by Defendants, Plaintiff worked always the same schedule, but she was paid at different wage rates.

11. Plaintiff always worked minimum 5 days per week, or sometimes 6 days per week. Plaintiff worked the PM shift from 5:00 PM to 5:00 AM (12 hours daily) or from 7:00 PM to 7:00 AM.  Plaintiff always completed a minimum of 72 hours weekly.

12. Plaintiff is not in possession of time and payment records, but she is going to provide a good faith estimates based only in her recollections. Plaintiff worked as follows:

13. 1) During 2016 and 2017, Plaintiff worked an average of 72 hours weekly, but she was not paid the minimum wages for tipped employees as required by law, Plaintiff received only tips received from customers. Plaintiff was paid in cash or with checks. Plaintiff was not provided with paystubs providing number of days and

hours worked, wage rate paid, earned tips, employment taxes withheld etc. For this period, Plaintiff is owed minimum wages for 40 regular hours, and overtime hours for every hour that she worked in excess of 40 every week period.

14. 2) During 2018-19, Plaintiff worked in the same position, the same schedule. In this period, Plaintiff was paid the minimum wages corresponding to tipped employees plus tips. Plaintiff was paid for some overtime but not for all her overtime hours.

15. Plaintiff was unable to take bona-fide lunch periods during her entire time of employment.

16. Since Plaintiff is not in possession of time and payment records, to simplify calculations, Plaintiff is going to provide an estimate for overtime hours, disregarding the overtime hours paid at the incorrect rate. After proper discovery Plaintiff will adjust her calculations.

17. Plaintiff clocked-in and out using a computer and a timeclock. Defendants were able to keep track of hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, Defendants willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff complained about unpaid overtime hours multiple times to managers Santiago LNU, Lita LNU, and to manager James LNU. Plaintiff received the same answer: "Stop complaining and do your job or you will get fired".

20. On or about March 09, 2019, Plaintiff complained again to manager James LNU. Plaintiff requested to be paid for all his overtime hours.

21. On or about March 15, 2019, Plaintiff got sick and she was absent for one day. In spite that Plaintiff informed her employer about her condition and provided them with the corresponding doctor's note, manager James LNU fired Plaintiff using as a pretext her absence on 1 day.

22. Plaintiff MARIA A. SANCHEZ intends to recover unpaid, regular wages, unpaid overtime hours, retaliatory damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207**</u>
<u>**(a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

24. Plaintiff MARIA A. SANCHEZ re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation

for his employment in excess of the hours above-specified at a rate not less than one and one half-times the regular rate at which he is employed."

26. The Employer MOSHI MOSHI, always pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a Japanese restaurant, and through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in interstate commerce. The Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a server and through her daily activities, she regularly completed credit card transactions. handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

29. Defendants MOSHI MOSHI, and TOSHIO FURIHATA employed Plaintiff MARIA A. SANCHEZ as a full-time non-exempt employee from approximately

March 2016, through March 17, 2019, or 159 weeks.  However, for FLSA's purposes, Plaintiff relevant time of employment is 150 weeks.

30. Plaintiff was hired as a server and during her employment with Defendants she had different payment plans, but she always worked the same schedule. As a tipped employee, Plaintiff was supposed to receive the minimum wages established for tipped employees plus tips received from customers.

31. Plaintiff always worked minimum 5 days per week, or sometimes 6 days per week, the PM shift from 5:00 PM to 5:00 AM (12 hours daily) or from 7:00 PM to 7:00 AM.  Plaintiff always completed a minimum of 72 hours weekly.

32. Plaintiff is not in possession of time and payment records, but she is going to provide a good faith estimates based only in her recollections. Plaintiff worked as follows:

33. 1) During 2016 and 2017, Plaintiff worked an average of 72 hours weekly, but she was not paid the minimum wages for tipped employees as required by law, Plaintiff received only tips received from customers. Plaintiff was paid in cash or with checks, but she was not provided with paystubs providing number of days and hours worked, wage rate paid, tips, employment taxes withheld etc.  For this period, overtime hours for every hour that she worked in excess of 40 every week period.

34. 2) During 2018-19, Plaintiff worked in the same position, the same schedule.  In this period, Plaintiff was paid the minimum wages corresponding to tipped employees plus tips. Plaintiff was paid for some overtime but not for all her overtime hours.

35. Since Plaintiff is not in possession of time and payment records, to simplify calculations, Plaintiff is going to provide and estimate for overtime hours, disregarding the overtime hours paid at the incorrect rate. After proper discovery Plaintiff will adjust her calculations.

36. Plaintiff worked a minimum of 72 hours weekly, however Defendants willingly failed to pay Plaintiff for overtime hours.

37. Plaintiff clocked-in and out using a computer and a timeclock. Defendants were able to keep track of hours worked by Plaintiff and other similarly situated individuals.

38. Therefore, Defendants willfully failed to pay for overtime hours at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. The records, if any, concerning the number of hours worked by Plaintiff MARIA A. SANCHEZ, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

\*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
\*Florida minimum wage is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies. Any overtime hour paid in 2018-19 or any other time, will be deducted as per discovery.

a. <u>Total amount of alleged unpaid wages</u>:

Forty-Four Thousand Three Hundred Eighteen Dollars and 40/100 ($44,318.40)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 158 weeks
Total relevant weeks of employment: 150 weeks
Total hours worked: 72 hours weekly
Total overtime hours: 32 hours weekly

1) Calculations O/T 2016
   Total relevant weeks: 35 weeks
   Total hours worked: 72 hours weekly
   Total overtime hours: 32 hours weekly
   Regular rate: $0.00
   FL rate for tipped employees applied: $5.03
   Fl Minim wage $8.05 x 1.5=$12.08-3.02 Maximum tip credit=$9.06
   2016 O/T rate for tipped employees=$9.06

O/T rate $9.06 x 32 hours=$289.92 weekly x 35 weeks= $10,147.20

2) Calculations O/T 2017 = 52 weeks
   Total relevant weeks: 52 weeks
   Total hours worked: 72 hours weekly
   Total overtime hours: 32 hours weekly
   Regular rate: $0.00
   FL rate for tipped employees applied: $5.08
   Fl Minim wage $8.10 x 1.5=$12.15-3.02 Maximum tip credit=$9.13
   2017 O/T rate for tipped employees=$9.13

O/T rate $9.13 x 32 hours=$292.16 weekly x 43 weeks= $15,192.32

3)  Calculations O/T 2018 = 52 weeks
    Total relevant weeks: 52 weeks
    Total hours worked: 72 hours weekly
    Total overtime hours: 32 hours weekly
    Regular rate: $0.00
    FL rate for tipped employees applied: $5.08
    Fl Minim wage $8.25 x 1.5=$12.38-3.02 Maximum tip credit=$9.36
    2018 O/T rate for tipped employees=$9.36

O/T rate $9.36 x 32 hours=$299.52 weekly x 52 weeks= $15,575.04

4)  Calculations O/T 2019 = 11 weeks
    Total relevant weeks: 11 weeks
    Total hours worked: 72 hours weekly
    Total overtime hours: 32 hours weekly
    Regular rate: $0.00
    FL rate for tipped employees applied: $5.08
    Fl Minim wage $8.46 x 1.5=$12.69-3.02 Maximum tip credit=$9.67
    2019 O/T rate for tipped employees=$9.67

O/T rate $9.67 x 32 hours=$309.44 weekly x 11 weeks= $3,403.84

Total 1, 2, 3, and 4: $44,318.40

c.  <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime hours.

43. At all times material hereto, the Employers/Defendants MOSHI MOSHI, and TOSHIO FURIHATA  failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendants MOSHI MOSHI, and TOSHIO FURIHATA  knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime

wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At the times mentioned, individual Defendant TOSHIO FURIHATA was the owner/partner/officer, and he directed operations of MOSHI MOSHI. Defendant TOSHIO FURIHATA was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of MOSHI MOSHI in relation to its employees, including Plaintiff and others similarly situated. Defendant TOSHIO FURIHATA had financial and operational control of the business, determined Plaintiff's term and conditions of employment and he is jointly and severally liable for Plaintiff's damages.

46. Defendants MOSHI MOSHI, and TOSHIO FURIHATA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA A. SANCHEZ and those similarly-situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff MARIA A. SANCHEZ and other similarly-situated

and against the Defendants MOSHI MOSHI, and TOSHIO FURIHATA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARIA A. SANCHEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS**

48. Plaintiff MARIA A. SANCHEZ re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff MARIA A. SANCHEZ and those similarly-situated to recover from the Employer MOSHI MOSHI unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. The Employer MOSHI MOSHI, always pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a Japanese restaurant and, and through its business activities affects interstate commerce. Defendant has more than two employees recurrently engaged in interstate commerce. The Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

51. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through her daily activities, she regularly completed credit card transactions. handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

52. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

53. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

54. Defendants MOSHI MOSHI, and TOSHIO FURIHATA employed Plaintiff MARIA A. SANCHEZ as a full-time non-exempt employee from approximately March 2016, through March 17, 2019, or 159 weeks.  However, for FLSA's purposes, Plaintiff relevant time of employment is 150 weeks.

55. Plaintiff was hired as a server. During her employment with Defendants she had different payment plans, but she always worked the same schedule. As a tipped employee, Plaintiff was supposed to receive the minimum wages established for tipped employees plus tips received from customers.

56. While employed by Defendants, Plaintiff worked always the same schedule, but she was paid at different wage rates.

57. Plaintiff always worked minimum 5 days per week, or sometimes 6 days per week, the PM shift from 5:00 PM to 5:00 AM (12 hours daily) or from 7:00 PM to 7:00 AM.  Plaintiff always completed a minimum of 72 hours weekly.

58. Plaintiff is not in possession of time and payment records, but she is going to provide a good faith estimates based only in her recollections.

59. During 2016 and 2017, Plaintiff worked an average of 72 hours weekly, but she was not paid the minimum wages for tipped employees as required by law, Plaintiff received only tips received from customers. Plaintiff was paid in cash or with checks, but she was not provided with paystubs providing number of days and hours

worked, wage rate paid, tips, employment taxes withheld etc.  For this period, Plaintiff is owed minimum wages for 72 regular hours in every week period.

60. Plaintiff was unable to take bona-fide lunch periods during her entire time of employment.

61. Plaintiff worked 72 hours every week. However, during Plaintiff's period of employment with Defendants, she was not paid her regular wages at any rate at not even at the minimum wage rate as required by law.

62. Plaintiff clocked-in and out using a computer and a timeclock. Defendants were able to keep track of hours worked by Plaintiff and other similarly situated individuals.

63. Therefore, Defendants failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

64. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not use any kind of time-keeping method and did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

65. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

66. Defendants never posted any notice, as required by the Fair Labor Standards Act to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

67. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

   a.  <u>Total amount of alleged unpaid wages</u>:

      Seventeen Thousand Six Hundred Eight Dollars and 40/100 ($17,608.40)

   b.  <u>Calculation of such wages</u>:

      Total weeks of employment: 158 weeks
      Total relevant weeks of employment: 150 weeks
      Total hours worked: 72 hours weekly

      1)  Calculations Minimum Wages 2016
          Total relevant weeks: 35 weeks
          Total hours worked: 72 hours weekly
          Total regular hours: 40 hours weekly
          Regular rate paid: $0.00
          FL Minimum wage 2016 for tipped employees: $5.03

          FL Min. wage 2016 $5.03 x 40 regular hours=$201.20
          $201.20 x 35 weeks = $7,042.00

      2)  Calculations Minimum Wages 2017
          Total relevant weeks: 52 weeks
          Total hours worked: 72 hours weekly
          Total regular hours: 40 hours weekly
          Regular rate paid: $0.00
          FL Minimum wage 2017 for tipped employees: $5.08

          FL Min. wage 2016 $5.08 x 40 regular hours=$203.20
          $203.20 x 52 weeks = $10,566.40

      Total 1 and 2: $17,608.40

   c.  <u>Nature of wages</u>:

      This amount represents unpaid minimum wages at Florida Min. wage rate

68. Defendants MOSHI MOSHI, and TOSHIO FURIHATA unlawfully failed to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

69. Defendants MOSHI MOSHI, and TOSHIO FURIHATA   knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

70. At the times mentioned, individual Defendant TOSHIO FURIHATA was the owner/partner/officer, and he directed operations of MOSHI MOSHI. Defendant TOSHIO FURIHATA was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of MOSHI MOSHI in relation to its employees, including Plaintiff and others similarly situated. Defendant TOSHIO FURIHATA had financial and operational control of the business, determined Plaintiff's term and conditions of employment and he is jointly and severally liable for Plaintiff's damages.

71. Defendants MOSHI MOSHI, and TOSHIO FURIHATA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA A. SANCHEZ and those similarly-situated respectfully request that this Honorable Court:

    A.  Enter judgment for Plaintiff MARIA A. SANCHEZ and against the Defendants MOSHI MOSHI, and TOSHIO FURIHATA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MARIA A. SANCHEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**</u>

73. Plaintiff MARIA A. SANCHEZ re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

74. The Employer MOSHI MOSHI, always pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a Japanese restaurant, and through its business activities affects interstate commerce. Defendant has more than two employees recurrently engaged in interstate commerce. The Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

75. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a restaurant employee and through her daily activities, she regularly completed credit card transactions. handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

76. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

77. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

79. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

80. Defendants MOSHI MOSHI, and TOSHIO FURIHATA employed Plaintiff MARIA A. SANCHEZ as a full-time non-exempt employee from approximately March 2016, through March 17, 2019, or 159 weeks.  However, for FLSA's purposes, Plaintiff relevant time of employment is 150 weeks.

81. Plaintiff was hired as a server and during her employment with Defendants she had different payment plans, but she always worked the same schedule. As a tipped employee, Plaintiff was supposed to receive the minimum wages established for tipped employees plus tips received from customers.

82. While employed by Defendants, was employed by Defendants, Plaintiff worked always the same schedule, and she worked every week a minimum of 72 hours.

83. During 2016 and 2017, Plaintiff worked 72 hours per week.  Nevertheless, Plaintiff received as payment only tips received from customers. Plaintiff was not paid for overtime hours at any rate, not even the minimum wage rate.

84. During 2018 and 2019, Plaintiff continued working a minimum of 72 hours weekly. Plaintiff was paid for some overtime hours, but she was not paid for all her overtime hours.

85. Plaintiff was unable to take bona-fide lunch periods during her entire time of employment.

86. Plaintiff clocked-in and out using a computer and a timeclock. Defendants were able to keep track of hours worked by Plaintiff and other similarly situated individuals.

87. Therefore, Defendant willfully failed to pay Plaintiff for regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

88. Plaintiff complained about unpaid overtime hours multiple times to managers Santiago LNU, Lita LNU, and to manager James LNU. Plaintiff received the same answer: "Stop complaining and do your job or you will get fired".

89. These complaints constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

90. On or about March 09, 2019, Plaintiff complained again to manager James LNU. Plaintiff requested to be paid for all his overtime hours.

91. These complaints constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

92. On or about March 15, 2019, Plaintiff got sick and she was absent for one day. In spite that Plaintiff informed her employer about her condition and provided them with the corresponding doctor's note, manager James LNU fired Plaintiff using as a pretext her absence on 1 day.

93. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

94. The termination of Plaintiff MARIA A. SANCHEZ by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against her, because of her multiple complains about regular and overtime payment, in violation of Federal Law.

95. Plaintiff's termination came just in closed proximity after Plaintiff's participation in protected activity.

96. At the times mentioned, individual Defendant TOSHIO FURIHATA was the owner/partner/officer, and he directed operations of MOSHI MOSHI. Defendant TOSHIO FURIHATA was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of MOSHI MOSHI in relation to its employees, including Plaintiff and others similarly situated. Defendant TOSHIO FURIHATA had financial and operational control of the business, determined Plaintiff's term and conditions of employment and they he is jointly and severally liable for Plaintiff's damages.

97. Defendants MOSHI MOSHI, and TOSHIO FURIHATA willfully and maliciously retaliated against Plaintiff because she engaged in protected activity.

98. The Defendants' termination of Plaintiff 's employment, was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

99. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA A. SANCHEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants MOSHI MOSHI, and TOSHIO FURIHATA that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants MOSHI MOSHI, and TOSHIO FURIHATA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MARIA A. SANCHEZ further prays for such additional relief as the interests of justice may require.

### JURY DEMAND

Plaintiff MARIA A. SANCHEZ demands trial by jury of all issues triable as of right by jury.

Dated May 2, 2019

Respectfully submitted,

By:  **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*